

**ORDERED in the Southern District of Florida on November 5, 2021.**



Peter D. Russin, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Trina McKee,

    Debtor.
_____/

Case No. 13-29228-PDR

Chapter 7

### ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE AND SET ASIDE DISCHARGE FOR THE SOLE PURPOSE OF <u>FILING REAFFIRMATION AGREEMENT</u>

Trina McKee (the "Debtor") filed a voluntary Chapter 13 petition on August 14, 2013, converted her case to Chapter 7 on September 25, 2013, and was discharged on March 3, 2014; her case was closed on September 18, 2015. Now, six years later, the Debtor requests that the Court reopen her case so that she may file a reaffirmation agreement with her mortgage lender (the "Lender"). The Debtor acknowledges the reaffirmation agreement was not "made" before the discharge was entered. For that reason, the Debtor also requests that the Court set aside her

discharge. Unfortunately, the Bankruptcy Code simply does not provide for the requested relief.

A reaffirmation agreement is an agreement between a bankruptcy debtor and a creditor (often a lender) where the debtor agrees to pay all or part of an otherwise dischargeable debt after the bankruptcy petition has been filed. *See First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1140 (8th Cir. 2019). Under 11 U.S.C. § 524(c)(1), reaffirmation agreements must be "made before the granting of the discharge." Reaffirmation agreements are contracts, and "[l]ike any other contract, a reaffirmation agreement is 'made' when the parties reach a 'meeting of the minds.' If the 'meeting of the minds' occurs prior to the granting of a discharge, the reaffirmation agreement satisfies the requirements of 11 U.S.C. § 524(c)(1)." *In re Mausolf*, 403 B.R. 761, 764–65 (Bankr. S.D. Fla. 2009) (Olson, J.) (citing *In re Merritt*, 366 B.R. 637 (Bankr. W.D. Tex. 2007)).

But the Debtor does not allege that the reaffirmation agreement was "made" before she was discharged. Rather, the Debtor merely argues that it was always her intention to reaffirm the debt. But intending to make a reaffirmation agreement prior to the entry of the discharge is insufficient under the statute.

The Debtor, understanding she cannot reverse time, seeks to do the only seemingly practical thing to comply with the timing requirements of 11 U.S.C. § 524(c)(1). She requests that the Court set aside the discharge so that she may enter into the reaffirmation agreement, and subsequently have the Court reenter the discharge. But the Bankruptcy Code does not provide for the "setting aside" of a

discharge. A debtor's discharge can be revoked under 11 U.S.C. § 727(d), but that relief is limited to "the trustee, a creditor, or the United States trustee" under specifically enumerated circumstances, none of which include allowing the debtor to make a reaffirmation agreement.

> The language of § 727(d) is unequivocal. Revocation of a discharge can only be by the timely request of a trustee or a creditor, and only based on the grounds set out therein. There is no provision for setting aside of a discharge upon the insistence of the debtors themselves, nor is there a provision that the debtors' desire to reaffirm a debt is cause for revocation of a discharge. The lack of creditor objection cannot supply such authority. Consequently, under no circumstances is Code § 727(d) to be used as a vehicle for the revocation of a discharge for the 'limited purpose' of effectuating a reaffirmation agreement.

*In re Golladay*, 391 B.R. 417, 423 (Bankr. C.D. Ill. 2008) (quoting *In re Brinkman*, 123 B.R. 611, 612 (Bankr. N.D. Ind. 1991)). Section 727(d) simply does not provide the Court with statutory authority to provide the requested relief.

To whatever extent the Debtor requests that the Court provide this relief by invoking its inherent powers under 11 U.S.C. § 105(a), the Court lacks the authority to do so. *See Law v. Siegel*, 571 U.S. 415, 421 (2014) (explaining that § 105(a) does not provide bankruptcy courts with the authority "to override explicit mandates of other sections of the Bankruptcy Code," and explaining that bankruptcy courts' equitable powers "can only be exercised within the confines of the Bankruptcy Code" (quoting *Norwest Bank Worthington v. Aglers*, 485 U.S. 197, 206 (1988))).

What is a debtor to do then when they have not received a reaffirmation agreement from their lender, but all the requirements of Fed. R. Bankr. P. 4004(c)(1) are met and, consequently, the entry of the discharge is imminent? The answer is found in Fed. R. Bankr. P. 4004(c)(2) which allows the Court to "defer the entry of an

order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain." The rule provides the debtor with two opportunities to defer the entry of the discharge, once for thirty days, and then a second time to a date certain. If debtors take advantage of this rule, they will often avoid the exact circumstance the Debtor is confronted with in this case.

Accordingly, there is no basis to provide the requested relief, and the Court **ORDERS** that the *Motion to Reopen Chapter 7 Case and Set Aside Discharge for the Sole Purpose of Filing Reaffirmation Agreement* (Doc. 65) is **DENIED**.

###

Copies To:
Christian Somodevilla, Esq.

*Christian Somodevilla, Esq. is directed to serve this Order on all interested parties.*